Per Curiam.
Non constat from the indictment, that Jones sustained any damage by the false representation; nor that there was an intent on the part of Thomas, at the timg of the representation, to work any damage. The note wasduejand payment made. This w^^^jinhy^cpps^equence—a thing which Jones was bound to do. A false representation, by which a man may be cheateiPTnto his duty, is not within the statute. It was said in argument that the subsequent negotiation of the note by Thorpas obviated the difficulties adverted to. The note being ovser due when the latter fact took place, it is difficult to see judicially, that Jones would be injured by it. Whether he would or would not, is merely speculative, depending on his precaution in providing himself with proper evidence. It is enough, however, to say that the indictment does *171 not charge the subsequent act of negotiation as entering into the defendant’s design when he made the representation - nor is the act itself even mentioned.
New trial ordered.(a)

 The following cases decided since the present statute against obtaining goods &c. by false pretences, (2 It S. 677, § 53,) will, together with the principal case, show the limits within which our courts have thus far inclined to confine it: The People v. Stone, (9 Wendell, 182 ;) The People v. Genung, (11 id. 18 ;) The People v. Haynes, (id. 557 ; S. C. on error, 14 id. 546 ;) The People v. Herrick, (13 id. 87 ;) The People v. Gates, (id. 311 ;) The People v. Clough, (17 id. 351 ; The People v. Galloway, (id. 540 :) The People v. Kendall, (25 id. 399 ;) and see Gary v. Houghtailing, (1 Hill, 315, 316.)